IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) John P. Brown**,<br>**(2) Desgagnés, Brown, et Associés Inc.**,<br><br>Plaintiffs,<br><br>v.<br><br>**(1) Kruger Family Holdings, II, LLC**<br>an Oklahoma limited liability company,<br>**(2) Warren F. Kruger**,<br>**(3) David Kruger**,<br>**(4) Trienda Holdings, L.L.C.**<br>an Oklahoma Limited Liability Company,<br>**(5) Kruger Family Industries, LLC,**<br>an Oklahoma Limited Liability Company<br>(f/k/a Kruger-Brown Holdings, LLC),<br><br>Defendants. | Case No. 4:20-cv-00278-JFH-FHM<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For their claims against Defendants, Plaintiffs John P. Brown and Desgagnés, Brown, et Associés Inc. (collectively referred to herein as "Brown") allege and state as follows.

**Parties, Jurisdiction and Venue**

1. Plaintiff John P. Brown resides in Laval, Canada.

2. Plaintiff Desgagnés, Brown, et Associés Inc. is a Canadian corporation with its headquarters in Laval, Canada.

3. Defendant Kruger Family Holdings, II, LLC ("KFH") is an Oklahoma limited liability company with its principal offices located at 1613 East 15th Street, Tulsa, Oklahoma, 74120. Upon information and belief, all members of KFH are citizens of the United States.

4. On information and belief Defendants Warren Kruger, David Kruger, and Kruger Family Holdings, II, LLC, maintain an office in Tulsa, Oklahoma. (Defendants Warren Kruger,

{2138356;}

David Kruger, and Kruger Family Holdings, II, LLC will be referred to collectively as the "Kruger Defendants.").

5. Defendant Trienda Holdings, L.L.C. ("Trienda") is an Oklahoma limited liability company and therefore resides in this District. Upon information and belief, Trienda is wholly owned by Defendant Kruger Family Industries, LLC.

6. Defendant Kruger Family Industries, LLC ("KFI") is an Oklahoma limited liability company. On information and belief Kruger Family Industries, LLC was formerly known as Kruger-Brown Holdings, LLC.

7. Venue is proper in this Court under 28 U.S.C. § 1391 (a)(1) and 1400(b).

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity between Brown and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants.

## Factual Allegations

10. Brown is skilled in the art of polymer formulations. Brown was employed in the plastics industry throughout his career, including as the Executive Vice President of Flexible Packaging Corporation, President and CEO of Solpast Inc. and President of PolyChem Products Ltd.

11. Brown and the Krugers met through their involvement in the plastics industry. For several years prior to 2013, Brown provided consulting services to the Krugers and their business, Greystone Logistics, LLC (manufacturer of plastic delivery pallets).

12. In 2013, the Krugers became interested in purchasing the assets of a company in receivership - Lexington Logistics, LLC. Lexington's assets included plastics manufacturing

equipment. The Krugers' plan was to take the Lexington assets and roll them into a new entity, Trienda. The Krugers wanted Mr. Brown to go into business with them. The Krugers anticipated that Trienda could utilize the Lexington equipment along with a Brown-developed formula for producing less expensive plastic resin ("the Brown Formula"). The economic success of Trienda would largely be dependent on the successful development and use of the Brown Formula in the manufacture of Trienda's product.

13. Brown and Defendants negotiated a Memorandum of Agreement (the "Agreement") regarding their plan to go into business together, buying the Lexington assets, and forming Trienda. See Agreement attached as Exhibit 1. Per the Agreement, Brown provided a $250,000 loan to Defendants, which allowed Defendants to obtain financing for the asset purchase. Also per the Agreement, Brown's loan was converted to a 12% minority interest in Trienda. Thereafter ownership of Trienda was transferred to Kruger Brown Holdings, LLC ("Kruger-Brown").

14. Brown held a minority interest in Kruger Brown and was the CEO of Trienda as well as another entity acquired by Kruger-Brown—The Penda Form Company. David Kruger is President of Trienda and The Penda Form Company.

15. Importantly, the Agreement further provided that Brown would receive a royalty <u>in perpetuity</u> on any resin produced on behalf of Trienda using the Brown formula. See Exhibit 1, p. 3, para. 3 (d) ("That BROWN is to receive 1 USD ccp (cent per pound) royalty, in perpetuity, on any resin material black master batch produced on behalf of Trienda Holdings LLC;").

16. For Brown, the royalty provision was the lynch pin of his agreement with the Krugers. Without the royalty payments, Brown would never have agreed to go into business with the Krugers.

17. Defendants agreed to Brown's demand for a royalty because Brown's expertise and involvement in the business venture was necessary to induce Defendants' lenders to provide financing and vendors to supply polyethylene material.

18. After the Lexington transaction closed, extrusion, conveying and storage equipment, owned by Trienda, was installed at the Kruger's Greystone Logistics facility. There, as the result of hundreds, if not thousands, of hours of work by Brown, the Brown Formula was successfully implemented and resin was produced for sale to Trienda.

19. The price for the Brown Formula resin sold to Trienda included a markup for the royalty payable to Brown. Royalty payments to Brown were slow to begin, but Brown eventually began receiving royalties on the Greystone produced Brown Formula resin sold to Trienda.

20. Meanwhile Brown oversaw the design and installation of equipment necessary for producing the Brown Formula resin at Trienda's facility. Shortly after the Trienda process was up and running, however, in December 2017, David Kruger informed Brown that Brown would no longer be receiving the royalty payments specified in the Agreement. Kruger inexplicably took the position that Brown had waived his right to the royalty.

21. Brown never signed any document modifying the terms of the Agreement. Moreover, prior to Brown completing the installation of equipment to produce the Brown Formula resin at Trienda, the Krugers never mentioned to Brown that he had somehow waived his royalty right and would no longer be receiving royalty on the Brown Formula resin produced by Trienda.

22. Through December 2018 the unpaid royalties due Brown exceed $425,000.00. Additional royalty continues to accrue.

23. Due to the Krugers' failure to pay Brown's royalty, in January 2019, Brown filed suit in this Court against Defendants Warren and David Kruger and KFH (collectively, "Kruger

Defendants"). The case, styled *John P. Brown v. Kruger Family Holdings, II, LLC, Warren F. Kruger, and David Kruger*, 19-CV-48-GKF-JFJ (herein, "First Lawsuit"), sought recovery based on breach of contract, unjust enrichment, and breach of fiduciary duty theories.

24. The Kruger Defendants moved to dismiss certain of the claims in the First Lawsuit, but the Court denied their motion. After that, the Kruger Defendants sought to negotiate a settlement with Brown by which the Kruger Defendants would purchase Brown's ownership interest in Kruger-Brown Holdings, LLC (parent company of Trienda and PendaForm) and Trienda Real Estate, LLC. The settlement included a sum for Brown's royalty claim, a buy-out of Brown's consulting contract with Trienda and PendaForm, and a buy-out of Brown's ownership interests in Kruger-Brown Holdings and Trienda Real Estate, LLC. In exchange for the settlement payment, Brown provisionally released his claims, including his right to receive a royalty for Trienda's use of the Brown Formula. Brown also agreed to a five year non-compete as part of the settlement. The settlement amount was to be paid to Brown by Trienda in monthly installments beginning November 1, 2019, and continuing over a period of years. The settlement and buy-out agreements further provided that if Trienda's lenders prohibited Trienda from making Brown's settlement payments, then in that event KFH would be responsible for making the monthly settlement payments to Brown. The backstop was a key factor in Brown agreeing to the settlement terms, and, in particular the non-compete clause—which Brown has honored.

25. After the settlement agreements were signed, Brown dismissed his First Lawsuit without prejudice—in accordance with the terms of the settlement agreements, which provided that Brown's release of claims was provisional only until such time as the settlement payments were paid in full.

26. On February 25, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,570,276 entitled "High Molecular Weight Polyethylene Composition, Product and Process of Making Same" (hereinafter, the "'276 Patent"). A copy of the '276 Patent is attached hereto as Exhibit 2.

27. Neither Trienda nor KFH made the settlement payments that were due on April 1, May1, and June 1st 2020.

28. On April 3, 2020, Brown sent Trienda and the Krugers a Notice of Default (Exhibit 3). To date the default has not been cured; however, Trienda continues to utilize the Brown Formula, including processes covered by the '276 Patent, without any compensation to Brown.

## CLAIMS FOR RELIEF

### Count I - Breach of Contract Against The Kruger Defendants

29. Brown incorporates each and every preceding allegation in this Complaint.

30. The Agreement is a valid and binding contract. By its terms, the Agreement is to be governed and interpreted by the laws of the Province of Quebec, Canada.

31. The Kruger Defendants' refusal to provide Brown with royalty payments based on the production of the Brown Formula resin by Trienda is a breach of the Agreement.

32. As a result of the Kruger Defendants' breach, Brown has suffered damages, including but not limited to unpaid royalties.

### Count II - Unjust Enrichment Against the Kruger Defendants and KFI

33. Brown incorporates each and every preceding allegation in this Complaint.

34. The Kruger Defendants own and control Trienda's parent entity, KFI (Kruger Family Industries, LLC f/k/a Kruger-Brown Holdings, LLC). As such the Kruger Defendants and

KFI derive benefit from Trienda's continuing use of the Brown Formula, even though Brown is not being compensated for Trienda's use of the Brown Formula.

35. The Kruger Defendants and KFI have relied on Brown's experience and reputation in order to further their business interests and obtain financing for their ventures, notwithstanding their intention to withhold royalty payments to Brown.

36. In equity and good conscience, the Kruger Defendants and KFI are not entitled to retain the benefit resulting from Trienda's royalty-free use of the Brown Formula.

37. The Kruger Defendants and KFI should be required to provide an accounting of all Brown Formula resin, and to pay royalty to Brown on all such resin as per the Agreement. The Kruger Defendants and KFI should also be ordered to disgorge their share of all profits stemming from Trienda's use of the Brown Formula.

### Count III - Breach of Fiduciary Duty Against The Kruger Defendants

38. Brown incorporates each and every preceding allegation in this Complaint.

39. The business relationship between Brown and the Kruger Defendants amounted to a joint venture. As such the Kruger Defendants owed fiduciary duties to Brown, and were required to act with the utmost of good faith in all their dealings with Brown.

40. The Kruger Defendants never informed Brown of their intentions to stop paying his royalty also and never mentioned to Brown that his royalty rights might be impacted by various Trienda transactions—until after Brown had completed installation of equipment necessary to produce the Brown Formula resin at Trienda.

41. The Kruger Defendants' actions are a breach of their duty to deal with Brown with the utmost of good faith.

42. Brown has been damaged by the Kruger Defendants' breach of duty.

43. The Court should award actual and punitive damages due to the Kruger Defendants' intentional disregard of Brown's rights.

### Count IV -- Declaratory Judgment Against The Kruger Defendants

44. Brown incorporates each and every preceding allegation in this Complaint.

45. The Agreement is a valid and existing contract between Brown and the Kruger Defendants.

46. The Agreement explicitly provides that Brown is entitled to royalties on the Brown Formula resin produced on behalf of Trienda in perpetuity.

47. The Kruger Defendants deny that Brown is entitled to continuing royalties, claiming that Brown waived his right to receive royalties.

48. Brown has a tangible interest in obtaining a declaratory judgment on this issue.

49. Therefore, a justiciable controversy currently exists and is ripe for adjudication.

### Count V-- Breach of Settlement Agreements Against The Kruger Defendants

50. Brown incorporates each and every preceding allegation in this Complaint.

51. By their actions the Kruger Defendants have breached the terms of the Confidential Settlement Agreement and Mutual Release of All Claims, and the Repurchase Agreement both dated October 31, 2019.

52. Brown has been damaged by the breach of the above referenced settlement agreements.

### Count VI -- Patent Infringement Against Trienda Holdings, L.L.C.

53. Brown incorporates each and every preceding allegation in this Complaint.

54. This claim arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, particularly at least §§ 271, 281 through 285, and 295 of Title 35 of the United States Code.

55. Desgagné, Brown et Associés Inc. is the sole owner, by assignment, of all right, title and interest in and to the '276 Patent.

56. Trienda manufactures and sells certain polyethylene products, namely pallets.

57. Trienda utilizes certain compositions and processes in order to prepare and manufacture its polyethylene products.

58. Upon information and belief, such compositions, processes and products fall within the scope of the claims of the '276 Patent, including at least claims 1, 13 and 15. Claim 1 of which reads as follows:

    1. A composition comprising:

    i) a first virgin polyethylene resin, having a bimodal molecular weight distribution which is high molecular weight (HMW), having a high load melt index measured according ASTM D-1238 (HLMI) of from about 1 to 6 g/10 min; and comprising a particle size distribution of less than about 50 µm

    ii) a second virgin polyethylene resin, an HLMI from about 20-70 g/10 min, a melt flow index measured according ASTM D-1238 (MFI) of from about 0.20-0.60 g/10 min, and comprising a particle size distribution of less than about 50 µm;

    iii) a first post-consumer polyethylene resin, having a MFI of from about 0.10-0.70 g/10 min;

    iv) second post-consumer polyethylene resin, which is HMW, and having a HLMI of from about 4-8 g/10 min; and

    v) polyethylene antioxidant.

59. Trienda has not received authorization, license or permission to practice the inventions claimed in the '276 Patent.

60. Trienda has infringed and continues to infringe the '276 Patent, including but not limited to claims 1, 13 and 15, but making, having made, using, selling, importing, offering to sell within the United States, or actively inducing others to make use, sell, import or offer to sell within

9

the United States, compositions, products and/or processes that practice the inventions as claimed in the '276 Patent.

61. Trienda has infringed and continues to infringe the '276 Patent directly and through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

62. As a result of Trienda's infringement, Brown has suffered and continues to suffer damages in an amount to be determined at trial.

63. Unless Brown receives preliminary and permanent injunctive relief enjoining Trienda's infringement, Brown will be irreparably injured.

64. Upon information and belief, the infringement of the '276 Patent has been willful and deliberate, such that Brown's damages should be increased up to three times the amount assessed.

65. In addition, upon information and belief, Trienda's conduct as addressed herein renders this an exceptional case under 35 U.S.C. § 285, thus entitling Brown to an award of attorney fees.

### Prayer for Relief

Brown prays for a judgment: (1) declaring the rights and obligations of the parties according to the Agreement, including that Brown is entitled to payment of royalty under the Agreement; (2) awarding Brown his damages accruing from unpaid royalties, which amount exceeded $425,000.00 at the commencement of the First Lawsuit, plus pre-judgment interest; (3) ordering Defendants to disgorge all benefits derived from use of the Brown Formula resin; (4) declaring that Trienda has infringed the '276 Patent and declaring that Trienda and its officers, directors, employees, and all others acting under its direction or control be preliminary and permanently enjoined and restrained from infringing the '276 Patent; an accounting to Brown for

all gains, profits, and advantages derived from infringement of the '276 Patent; compensatory damages for patent infringement in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs; punitive damages and increased damages of treble the amount of actual damages; and (5) awarding Brown his attorneys fees and costs, and all other legal and equitable relief to which Brown may be entitled.

Respectfully submitted,

s/ Todd A. Nelson
Mia Vahlberg, OBA #20357
Todd A. Nelson, OBA #15317
Barbara Moschovidis, OBA #31161
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103-4217
Telephone:     (918) 595-4800
Facsimile:      (918) 595-4990
Email: mvahlberg@gablelaw.com
            tnelson@gablelaw.com
            bmoschovidis@gablelaw.com

***ATTORNEYS FOR PLAINTIFFS***