UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN P. BROWN, DESGAGNE, BROWN ET ASSOCIES INC., **Plaintiffs** v. KRUGER FAMILY HOLDINGS, II, LLC, ET AL., **Defendants.** | Case No. 20-cv-0278-JFH-SH |

**OPINION AND ORDER**

This matter is before the Court on Defendants' opposed motion to stay proceedings pending resolution of the petition for *inter partes* review. Dkt. No. 76. For the reasons set forth below, the motion is denied.

    I.    **BACKGROUND**

This case arises from a contract dispute. Dkt. No. 8 at 2-6. Plaintiff John P. Brown ("Brown") alleges that he partnered with Defendants Kruger Family Holdings, II, LLC, Warren F. Kruger, and David Kruger (collectively, the "Kruger Defendants") to form Trienda Holdings, LLC ("Trienda"), a plastics manufacturing company. *Id.* at 2-3. According to Brown, he agreed to develop a cost-efficient formula for plastic resin and the Kruger Defendants agreed to purchase the assets required to produce the formula. *Id.* at 3. Brown claims that he loaned the Kruger Defendants $250,000 to help secure financing for the asset purchase in exchange for a 12% minority interest in Trienda. *Id.*; Dkt. No. 8-1 at 3. Brown also claims that, under the parties' agreement, he would receive royalty payments on any resin produced on behalf of Trienda using his formula. *Id.* at 3; Dkt. No. 8-1 at 3.

On January 30, 2019, Brown filed suit in this Court, claiming that the Kruger Defendants stopped making royalty payments in 2017 and that, as of December 2018, the unpaid royalties due exceeded $425,000. Complaint, *John P. Brown v. Kruger Family Holdings, II, LLC, Warren F. Kruger, and David Kruger*, 19-CV-48-GKF-JFJ, Dkt. No. 2 at 4. Brown advanced claims for declaratory judgment, breach of contract, breach of fiduciary duty, and unjust enrichment. *Id.* at 4-6. The parties reached a negotiated resolution in that case ("2019 Settlement Agreement"), and the case was dismissed without prejudice on November 7, 2019. Dkt. No. 8 at 5; Dkt. No. 28; *Brown*, 19-CV-48-GKF-JFJ, Dkt. No. 28.

According to Brown, the Defendants defaulted on payments due to him under the 2019 Settlement Agreement. Dkt. No. 8 at 6. Brown filed his complaint in this case on June 11, 2020, reasserting the claims for declaratory judgment, breach of contract, breach of fiduciary duty, and unjust enrichment, that were asserted against the Kruger Defendants in the 2019 case. Dkt. No. 2. at 6-8. He also advanced a new claim against all Defendants for breach of the 2019 Settlement Agreement and a new claim against Trienda for patent infringement.[1] *Id.* at 8-10.

The Defendants moved to dismiss certain of Plaintiffs' claims. Dkt. No. 21; Dkt. No. 34; Dkt. No. 44; Dkt. No. 52. The Court found good cause not to enter a scheduling order pending resolution of the dispositive motions. Dkt. No. 48. On May 3, 2021, Plaintiffs filed an unopposed motion for entry of a scheduling order. Dkt. No. 70. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court ordered the parties to confer and file a joint status report ("JSR"). Dkt. No, 71. Following their Rule 26 conference, the parties submitted a JSR, in which Defendants

---

[1] On February 25, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,570,276 entitled "High Molecular Weight Polyethylene Composition, Product and Process of Making Same" (hereinafter, the "'276 Patent"). Dkt. No. 8 at 6; Dkt. No. 8-2. According to Brown, certain compositions and processes used by Trienda to prepare and manufacture its polyethylene products fall within the 276 Patent. Dkt. No. 8 at 9.

2

requested a scheduling conference to address disputes as to the timing and method of discovery. Dkt. No. 73 at 9. The Court set a scheduling conference for July 29, 2021, however, due to the Court's increased criminal caseload, the scheduling conference was stricken. Dkt. No. 74; Dkt. No. 75.

Meanwhile, Plaintiffs served their initial discovery requests and noticed the deposition of Defendant Warren Kruger for August 26, 2021.[2] Dkt. No. 82-1; Dkt. No. 82-2; Dkt. No. 5. On July 23, 2021, Defendants moved to stay the litigation. Dkt. No. 76. On August 18, 2021, Defendants moved for a protective order staying further discovery pending a ruling on the motion to stay and to quash the deposition notice for Warren Kruger. Dkt. No. 82.

## II.     STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, under Rule 26 of the Federal Rules of Civil Procedure, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c). The Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* Whether to stay a matter is left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (recognizing that the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "When applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay

---

[2] The Court notes that the Notice of Deposition for the August 26, 2021 of Warren Kruger is dated August 17, 2021, providing Defendants with just over one week of notice prior to the deposition. Dkt. No. 82-5. Notwithstanding the conclusions reached in this Order, the Court strongly encourages the parties to work together to schedule depositions by agreement.

would damage another party." *Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks and citation omitted).

### III. DISCUSSION

In their motion to stay, Defendants contend that a stay is appropriate because they filed a Petition of *Inter Partes* Review ("Petition") with the Patent Trial and Appeal Board ("PTAB") challenging the '276 Patent, which forms the basis for Plaintiffs' patent infringement claim against Trienda. Dkt. No. 76 at 4-7. Defendants argue that a decision on the Petition "has the potential to eliminate the need for discovery and trial concerning [Plaintiffs'] infringement claims, bringing this case from a multi-year prospect to . . . a case that could be resolved in mere months." *Id.* at 6-7.

Subsequently, Plaintiffs voluntarily dismissed all claims against Trienda, including the patent infringement claim. Dkt. No. 79. In light of Trienda's dismissal from the case, Plaintiffs argue that the motion to stay is moot. *Id.* at 6. The Court agrees. A decision by the PTAB is no longer necessary to avoid lengthy discovery and trial on Plaintiffs' patent infringement claims, which, as Defendants concede, streamlines the issues and simplifies the case. Dkt. No. 76 at 8. Further, Defendants have set forth no justification for delaying litigation on the remaining contract claims. *See generally* Dkt. No. 76; Dkt. No. 81.

To the extent that Defendants claim that the motion to stay is not moot because Plaintiffs could reassert the infringement claim at a later stage of the proceeding, the Court is not persuaded. Defendants rely on *Neodron, LTD. v. Lenovo Grp., LTD.*, No. 19-CV-05644-SI, 2020 WL 6585797, at *2 (N.D. Cal. Nov. 10, 2020), for the proposition that a stay of litigation is appropriate where claims involving patents pending *Inter Partes* Review ("IPR") have not been dismissed with prejudice because the plaintiff could reassert such claims later in the case, should the patents survive IPR. Dkt. No. 81 at 4-5. *Neodron*, involved claims of infringement as to seven related

4

patents. *Neodron*, No. 19-CV-05644-SI, 2020 WL 6585797 at *1. The case was stayed pending IPR on five of the seven patents. *Id.* After IPR was denied on three of the patents, the plaintiff moved to lift the stay, indicating that it had elected to proceed only on patents for which IPR was not pending. *Id.* The court declined to lift the stay. *Id.* at *2. The Court noted that despite the plaintiff's election to proceed only on certain patents that were not pending IPR, the claims on the remaining patents had not yet been dismissed, and the plaintiff had suggested that it might reassert those claims if the patents at issue survived IPR. *Id.* at *1,2. This case is distinguishable on the facts.

Here, Plaintiffs have dismissed their sole infringement claim. In addition, and more importantly, Plaintiffs' remaining claims involve contract disputes, separate and distinct from the dismissed patent claim. Dkt. No. 8 at 6-10; Dkt. No. 79. Because Defendants have not articulated any reason for delaying litigation on these claims, the Court finds that a stay is not justified at this time.

IT IS THEREFORE ORDERED that Defendants' opposed motion to stay proceedings pending resolution of the petition for *inter partes* review [Dkt. No. 76] is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for protective order and to quash [Dkt. No. 82] is DENIED as moot.

Dated this 23rd day of August 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE